UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CLARENCE WILLIAMS JR.,         )
                               )
    Plaintiff,                 )
                               )
v.                             )      Case No. CIV-13-448-R
                               )
CAROLYN W. COLVIN,             )
Acting Commissioner of the Social )
Security Administration,       )
                               )
    Defendant.                 )

## REPORT AND RECOMMENDATION

Plaintiff Clarence Williams Jr. appeals the denial of his claims for disability insurance benefits ("DIB") under Title II and supplemental security income ("SSI") under Title XVI of the Social Security Act.[1] United States District Judge David L. Russell referred this matter to the undersigned magistrate judge for proceedings consistent with 28 U.S.C. § 636(b).

The administrative law judge ("ALJ") in this case should be commended for having produced a largely well-reasoned and well-written decision. That decision, however, omits any discussion of the medical opinion of Dr. Priya Samant, whose

---

[1] In his Complaint, Plaintiff requests judicial review of both the denial of his claim for DIB and the denial of his claim for SSI. *See* Compl., Doc. No. 1, at 1-2, 4. In his opening brief, however, Plaintiff states that he seeks judicial review of the denial of his claim for DIB and does not mention the claim for SSI. *See* Pl.'s Br., Doc. No. 13, at 1. Although the failure to challenge the denial of SSI in an opening brief could be construed as a failure to raise that issue on appeal, the undersigned in this limited instance accepts that the broad language of the Complaint was sufficient to appeal the denial of SSI as well as the denial of DIB.

assessment of Plaintiff's limitations differed materially from that of the ALJ.  Because this omission was error, the undersigned recommends that the decision of the Commissioner be REVERSED AND REMANDED.

## PROCEDURAL HISTORY

On September 14, 2010, Plaintiff filed his applications for DIB and SSI with the Social Security Administration ("SSA"), alleging a disability onset date of March 15, 2009.  R. 18 (stating protective filing date of August 25, 2010), 153-63.[2]  Following preliminary administrative denials of his application, Plaintiff at his request appeared with an attorney for a hearing before an ALJ on October 17, 2011, in Oklahoma City, Oklahoma.  R. 18, 32-90, 93-100.  The ALJ issued an unfavorable decision on November 10, 2011.  R. 15-27.  The SSA Appeals Council denied Plaintiff's request for review.  R. 1-3.  Thus, the decision of the ALJ is the Commissioner's final decision.  *See* 20 C.F.R. §§ 404.981, 416.1481.  Thereafter, Plaintiff commenced this appeal.

## THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process to determine whether Plaintiff was disabled and therefore entitled to disability benefits.  *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. §§ 404.1520, 416.920.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 15, 2009, the alleged disability onset date.  R. 20.  At step two, the ALJ

---

[2] Citations to the administrative record, Doc. No. 11, are as "R. __," using the pagination assigned by the Social Security Administration ("SSA") in the certified copy of the transcript of the administrative record.  Citations to other documents filed in this Court adhere to the pagination assigned by the Court's electronic filing system.

2

determined that Plaintiff has the following severe impairments: "status post back surgery, cognitive disorder, depressive disorder, and a history of alcohol abuse." R. 20.

At step three, the ALJ determined that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). R. 21. The ALJ specifically noted that Plaintiff's condition did not meet or equal Listing 12.04 (affective disorders). R. 21.

At step four, the ALJ considered Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff could perform a limited range of light work with the following functional restrictions and limitations:

> [T]he claimant can occasionally lift and/or carry 20 pounds; he can frequently lift and/or carry 10 pounds; he can stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday; he can sit (with normal breaks) for a total of about six hours in an eight-hour day; the claimant can understand, remember, and carry out simple instructions; he can make judgments on simple work related decisions; he can interact properly with supervisors and coworkers in a routine work setting, but cannot interact with the general public; he can respond to usual work situations and to changes in a routine work setting.

R. 21-22.

The ALJ determined that Plaintiff's RFC would have prevented Plaintiff from returning to his past relevant work. R. 25-26. At step five, the ALJ relied on the testimony of a vocational expert and determined that Plaintiff could perform occupations offering significant numbers of jobs in the national economy. R. 26-27. Accordingly, the ALJ determined that Plaintiff was "not disabled" within the meaning of the Social Security Act. R. 27.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

## ISSUES PRESENTED ON APPEAL

On appeal, Plaintiff contends that the ALJ failed to properly consider certain medical evidence in the record, including the opinion of a treating physician, when assessing Plaintiff's RFC. *See* Pl.'s Br., Doc. No. 13, at 3-8.

## ANALYSIS

Plaintiff contends that the ALJ failed to consider and address the opinion of a treating physician, Dr. Priya Samant, when assessing Plaintiff's RFC. Pl.'s Br. at 3 (citing R. 303). The only item in the record attributed to Dr. Samant is a one-page form titled "Functional Capacity Questionnaire" and dated June 22, 2011. *See* R. 303. Upon becoming part of the administrative record, this form was labeled "Exhibit No. B9F." *See* R. 303. On the form, Dr. Samant identifies Plaintiff's diagnosis, prognosis, abilities, and restrictions, as well as signs and symptoms from a limited range of choices. *See* R. 303.

An ALJ is not required to discuss each piece of evidence and may be taken at his or her word when stating that all evidence has been considered. *See Wall*, 561 F.3d at 1070. Nevertheless, "[t]he RFC assessment must always consider and address medical source opinions"—e.g., "opinions about what the individual can still do despite his or her impairment(s)[, which are] submitted by an individual's treating source or other acceptable medical sources." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996); *see also* 20 C.F.R. §§ 404.1513(c) (describing such medical source statements), 404.1545(a)(3) (describing evidence considered for RFC assessment), 416.945(a)(3) (same); 20 C.F.R. §§ 404.1527(a)(2) (describing medical source opinion evidence), 416.927(a)(2) (same). "Acceptable medical sources" include licensed physicians and other licensed medical professionals—whether treating, nontreating, or nonexamining sources. *See* 20 C.F.R. §§ 404.1502, 404.1513(a)(1), 416.902, 416.913(a)(1). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7.

In his decision, the ALJ does not mention Dr. Samant or Exhibit No. B9F. *See* R. 18-27. The ALJ assessed Plaintiff's physical RFC based on the findings of a nonexamining state agency physician, J. Marks-Snelling, D.O., M.P.H., who prepared a Physical Residual Functional Capacity Assessment dated December 30, 2010, after reviewing Plaintiff's medical records. *See* R. 24 (assigning "great weight" to Dr. Marks-Snelling's conclusions and adopting and incorporating same in ALJ's decision); R. 295-302 (Ex. No. B8F). Because the ALJ's assessment of Plaintiff's RFC conflicts with Dr. Samant's opinion—i.e., an opinion from a medical source about what Plaintiff can still do

5

despite his impairments—the ALJ was required to explain why Dr. Samant's opinion was not adopted. *See* SSR 96-8p, 1996 WL 374184, at *7. This explanation was required regardless of whether Dr. Samant was a treating physician or another acceptable medical source.³ *See id.*; 20 C.F.R. §§ 404.1502, 404.1513(a)(1), 404.1527(a)(2), 404.1545(a)(3), 416.902, 416.913(a)(1), 416.927(a)(2), 416.945(a)(3).

Further, the significant difference between the limitations found by Dr. Samant and those ultimately assessed by the ALJ means that the ALJ's failure to address Dr. Samant's opinion may not be excused as harmless error. *Compare* R. 303 (Ex. No. B9F), *with* R. 295-302 (Ex. No. B8F), *and* R. 21-25 (RFC analysis). The ALJ found that Plaintiff could stand/walk for 6 hours per workday, with normal breaks; whereas, Dr. Samant's opinion was that Plaintiff could stand/walk for only 0-2 hours per workday. R. 21, 303. Similarly, the ALJ found that Plaintiff could sit for six hours per workday, with normal breaks; Dr. Samant's opinion was that Plaintiff could sit for only 0-2 hours per workday. R. 21, 303. Finally, the ALJ found that Plaintiff could occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds, but Dr. Samant's opinion was that Plaintiff could only rarely lift and carry 10 pounds and only occasionally lift and carry less than 10 pounds. R. 21, 303.

---

³ In her Response, the Commissioner disputes that Dr. Samant is a "treating physician" but does not dispute that Dr. Samant is an acceptable medical source per SSA standards. *See* Def.'s Resp. Br., Doc. No. 14, at 4-6. Dr. Samant's printed name and signature appear in spaces designated for the "Physician" to complete. R. 303. No credentials are listed but a specialty of "IM" is indicated, presumably referring to "internal medicine." *See* R. 303.

As a result of these limitations, the ALJ's assessment of Plaintiff's RFC was that Plaintiff can perform light work, but Dr. Samant's opinion indicates that Plaintiff may be limited to only sedentary work subject to specific additional limitations. The ability to perform light work was referred to specifically by the ALJ in a hypothetical he posed to the vocational expert at the hearing and then relied on in finding that there were occupations that Plaintiff could perform.[4] *See* R. 26-27, 72-73. In such circumstances, the failure to address a materially different medical opinion is not harmless, i.e. the undersigned cannot "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way."[5] *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005) (internal quotation marks omitted) (describing harmless error standard); *Mays v. Colvin*, 739 F.3d 569, 578-79 (10th Cir. 2014) (finding harmless error when medical source opinion not expressly addressed by ALJ did *not* conflict with RFC assessed by ALJ).

---

[4] The ALJ relied at step five on a vocational expert's testimony. R. 26-27. When presented with a hypothetical individual with the RFC ultimately adopted by the ALJ—including the ability to perform light work—the vocational expert testified that occupations existed for such an individual. *See* R. 72-73. When presented with two additional hypotheticals based on individuals who could perform a less than full range of sedentary work, however, the vocational expert testified that no such occupations existed. R. 73-75.

[5] Although Dr. Samant's opinion may be accorded little or no weight on remand due to the absence of other records from this alleged "treating" physician, it is for the ALJ to consider and address the opinion in the first instance. *See* 42 U.S.C. § 405(b)(1); *Doyal v. Barnhart*, 331 F.3d 758, 761-64 (10th Cir. 2003) (discussing standard applied to treating physicians).

The Commissioner's decision should be reversed and remanded for express consideration of Dr. Samant's opinion. Plaintiff's additional claims of error may be remedied through the case's treatment on remand, and, thus, the undersigned declines to address those claims. *See, e.g.*, *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the decision of the Commissioner be REVERSED and REMANDED for additional proceedings consistent with the above discussion.

## NOTICE OF RIGHT TO OBJECT

The parties advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by June 25, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the present case.

ENTERED this 11th day of June, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE